The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 28, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: June 28, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 18-17018 |
| | ) | |
| MARVIN D. BEAVERS, III, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

Attorney Lee R. Kravitz filed a claim in the above-captioned bankruptcy case seeking $7,315 in unpaid legal fees for representing the debtor in an earlier case that was dismissed before confirmation. However, in the earlier case, attorney Kravitz entered into a $3,000 no-look fee arrangement with the debtor and never filed an application for additional compensation. After permitting attorney Kravitz leave to submit a fee application and allowing parties in interest an opportunity to respond, the Court took the matter under advisement. For the reasons stated

---

[1] This Opinion is not intended for official publication.

below, the Court allows attorney Kravitz a claim in the amount of $1,900, which equals the balance remaining under the no-look fee agreement after deducting the $1,100 already paid.

## JURISDICTION

Allowance or disallowance of a claim is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS AND PROCEDURAL HISTORY

On May 2, 2017, the debtor, Marvin D. Beavers, III, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (Case No. 17-12531, Docket No. 1) ("2017 case"). As part of the debtor's initial filings, the debtor's attorney, Lee. R. Kravitz, filed a Disclosure of Compensation of Attorney and a Rights and Responsibilities statement signed by the debtor (Docket Nos. 1 and 5). On the Disclosure of Compensation, attorney Kravitz disclosed that he received $800 prior to filing the petition and was to receive a total of $3,000 for his services pursuant to the Court's no-look fee structure (Docket No. 1). The Rights and Responsibilities statement indicated, apparently erroneously, that none of the

2

$3,000 fee had been paid prior to filing the petition (Docket No. 5). In accordance with Administrative Order Number 07-2, the statement further stipulated:

> If the Chapter 13 case is either converted or dismissed before confirmation of the Chapter 13 plan, absent contrary Court order, the Chapter 13 trustee shall pay to the attorney for the debtor, to the extent funds are available, an administrative claim equal to 25%, up to a maximum of $300, of the unpaid balance of the total fee that the debtor agreed to pay.

On March 20, 2018, the debtor's 2017 case was dismissed for failure to file a confirmable plan (Docket No. 76). According to the Chapter 13 trustee's final report, the trustee paid attorney Kravitz $300 pursuant to Administrative Order Number 07-2 (Docket No. 78). Thus, in addition to the initial retainer fee of $800, attorney Kravitz received a total of $1,100 for his representation of the debtor in the 2017 case.

On November 23, 2018, the debtor filed a new petition for relief under Chapter 13 of the Bankruptcy Code (Case No. 18-17018, Docket No. 1) ("current case"). For this case, the debtor did not retain attorney Kravitz.

On February 5, 2019, attorney Kravitz filed a proof of claim in the amount of $2,500. On February 27, 2019, the Chapter 13 trustee filed an objection to attorney Kravitz's claim, asserting that the claim was time-barred (Docket No. 32). On March 5, 2019, Attorney Kravitz responded to the Chapter 13 objection, asserting that he was not listed as a creditor in the debtor's current case and

3

therefore his claim should not be time-barred (Docket No. 35). On March 11, 2019, the debtor replied to attorney Kravitz's response, agreeing with the Chapter 13 trustee that attorney Kravitz's claim was time-barred and also asserting that attorney Kravitz was limited to fees he had already been paid (Docket No. 36). The Court held a hearing on April 4, 2019. The Court indicated that it would overrule the objections that the claim was time-barred, but would address the amount of the claim under 11 U.S.C. § 502(b)(4). The Court issued an order allowing attorney Kravitz until May 2, 2019, to file a detailed fee application and allowed any other party in interest until May 23, 2019, to file a response (Docket No. 40).

On April 29, 2019, attorney Kravitz filed an application for compensation for $7,315 in legal fees for his work in the 2017 case beyond the $1,100 already paid (Docket No. 46). On April 30, 2019, attorney Kravitz filed an amended proof of claim for $7,315. In support of his claim, attorney Kravitz attached a detailed time sheet.

On May 12, 2019, the debtor filed an objection to attorney Kravitz's claim (Docket No. 48). In his objection, the debtor argued that (1) attorney Kravitz should be held to the no-look fee structure as agreed to in the Rights and Responsibilities statement and (2) attorney Kravitz's application for compensation

4

does not show any "novel, complex or non-routine" matters that would warrant the Court approving additional fees pursuant to Administrative Order Number 07-2.

On May 21, 2019, attorney Kravitz replied to the debtor's objection, arguing that the debtor's case could not be handled within the parameters of the no-look fee structure agreed to in the Rights and Responsibilities statement (Docket No. 49). Instead, attorney Kravitz asserted that the 2017 case required him to "expend a significant amount of additional unanticipated time representing the Debtor."

DISCUSSION

The Bankruptcy Code requires bankruptcy courts to evaluate the reasonableness of attorney's fees in several circumstances. Pursuant to 11 U.S.C. § 502(b)(4), when a party makes an objection to a claim for services by an attorney, the court must determine the value of the attorney's services and only allow a claim for the amount of the "reasonable value of such services." Pursuant to 11 U.S.C. § 330, after notice and hearing, a court may award "reasonable compensation for actual, necessary services" rendered by professionals and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). Pursuant to 11 U.S.C. § 329, a court may cancel an agreement or order return of any payment for attorney services when the court

5

determines that the "compensation exceeds the reasonable value of any such services."

In the federal courts, the "lodestar" method, which multiplies a reasonable hourly rate by the number of hours reasonably expended, is the appropriate calculus for determining "reasonable compensation." *See In re Boddy*, 950 F.2d 334, 338 (6th Cir. 1991) ("[B]ankruptcy courts must expressly calculate the lodestar amount when determining reasonable attorney's fees."). Section 330, however, provides that courts shall consider "all relevant factors" in determining "reasonable compensation." *Accord In re Boddy*, 950 F.2d at 338 (noting that, in addition to the lodestar method, a court "may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area"); *see also United States v. Schilling (In re Big Rivers Elec. Corp.)*, 355 F.3d 415, 432 (6th Cir. 2004) ("Reasonable compensation for services necessarily implies loyal and disinterested service in the interest of those for whom the claimant purported to act.") (quoting *Woods v. Nat'l Bank & Trust Co.*, 312 U.S. 262, 268–69 (1941)). While the several "reasonable value" or "reasonable compensation" provisions of the Code apply in different situations, the Court

6

believes that these provisions, as well as Sixth Circuit case law interpreting these provisions, should be read to employ a consistent standard for determining the reasonableness of attorney's fees. *Cf. In re Nelson*, 206 B.R. 869, 882 (Bankr. N.D. Ohio 1997) ("Although these factors were employed to determine 'reasonable compensation' pursuant to 11 U.S.C. §§ 327, and 330, they are useful criteria to a determination of reasonable value pursuant to 11 U.S.C. § 502(b)(4)."); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("case law construing what is a 'reasonable' fee applies uniformly to all" federal fee-shifting statutes using the term). However, because the attorney's fees provisions of the Bankruptcy Code and Bankruptcy Rules "are designed to protect both creditors and the debtor against overreaching attorneys[,] . . . bankruptcy courts have broad and inherent authority to deny any and all compensation where an attorney fails to satisfy the requirements of the Code and Rules." *Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 721 (6th Cir. 2001). Thus, whether a court is determining the reasonableness of fees under Section 329, Section 330, or Subsection 502(b)(4), the court may consider "all relevant factors" while using the lodestar method as a benchmark and adjusting compensation as necessary.

When setting attorney's fees at the start of a case, many attorneys often utilize a presumptive fee arrangement in routine bankruptcy cases. These

7

presumptive fees, or no-look fees, allow a bankruptcy attorney to avoid providing documentation to the court for the services rendered. Instead, the court will approve a certain amount of attorney's fees without requiring itemization of the services. For Chapter 13 cases filed in the Cleveland divisional office, if the attorney agrees to receive $3,000 or less from the debtor with no more than $800 being paid prior to the filing of the petition, the Court will allow the fees in the order confirming the plan without the attorney having to file a fee application documenting the services rendered. *See* Admin. Order No. 07-2 at 3–4. As noted in the Administrative Order:

> The fee schedules contained in this Administrative Order are based upon a consensus of experienced local Chapter 13 practitioners, the Chapter 13 Trustee, and the U.S. Trustee. The fee schedules are also consistent with the undersigned judges' experience reviewing Chapter 13 fee applications and determining the reasonable hours and reasonable hourly rates for the normal and customary services rendered in Chapter 13 cases under the traditional lodestar analysis . . . . While the use of these fee schedules is intended to encourage uniformity and minimize the time and expense of the fee application process, attorneys remain free to seek compensation of any reasonable amount of compensation by submitting detailed billing information under the traditional lodestar format . . . .

Admin. Order No. 07-2 at 1–2. If the debtor's case is dismissed prior to confirmation, the attorney is not entitled to the full no-look fee. Instead, absent an order from the Court, the attorney is only entitled to retain the fees paid prepetition and to receive from funds on hand with the Chapter 13 trustee "an administrative

8

claim equal to 25%, up to a maximum of $300, of the unpaid balance of the total fee that the debtor agreed to pay." Admin. Order No. 07-2; *see* 11 U.S.C. § 1326(a)(2).

A no-look fee arrangement does not preclude an attorney from seeking court approval of additional fees. For example, an attorney may file a fee application

> setting forth, at a minimum: (a) documentation that services rendered in the case exceed, under the traditional lodestar analysis, the fee previously approved by the Court, and (b) as to each activity for which an additional fee is requested, the identity of the person performing such services, the billing rate for such person, the services performed, the dates of the services, the amount of time expended, and how such services are novel, complex, or non-routine.

Admin. Order No. 07-2 at 7.

A bankruptcy court retains jurisdiction to review attorney's fees even if the debtor's bankruptcy case is dismissed. *Dery v. Cumberland Casualty & Surety Co. (In re 5900 Associates, Inc.)*, 468 F.3d 326, 331 (6th Cir. 2006). "[A] bankruptcy court's decision on attorney's fees is not a 'related proceeding.' . . . It is part of the original proceeding." *Id.* at 330 (citation omitted). Because the Bankruptcy Code gives a bankruptcy court authority to review fees in a case, "[d]ismissal of a case . . . cannot abrogate the bankruptcy court's statutorily imposed duty of review." *Id.*

If a case is dismissed before confirmation and the attorney received less than the maximum $3,000 no-look limit, then pursuant to Administrative Order Number 07-2, the attorney needs court approval before collecting any fees beyond what the debtor paid prepetition and the trustee paid at the time of dismissal. In other words, the attorney has no automatic right to the full $3,000 in a case dismissed pre-confirmation. In a dismissed case where the written fee agreement is not subject to the no-look structure, a detailed fee application is needed for the attorney to retain any fees paid prepetition or to collect any fees after the case is dismissed. Failure to file such a fee application could also leave the attorney subject to a motion to disgorge the attorney's fees already paid.

The debtor's 2017 case was dismissed prior to confirmation. Thus, attorney Kravitz is not entitled to the $3,000 no-look fee as detailed in the Rights and Responsibilities statement. Instead, pursuant to Administrative Order Number 07-2 and the Rights and Responsibilities statement, at this time, attorney Kravitz is only entitled to the $1,100 already received—the $800 retainer fee and the $300 administrative expense fee paid by the trustee from the funds on hand when the case was dismissed. Any additional fees requested by attorney Kravitz require approval by the Court.

On April 20, 2019, attorney Kravitz filed in the debtor's current bankruptcy case an Application for Compensation for services provided to the debtor in the 2017 case. This is the first time that attorney Kravitz filed an application for additional compensation from services in the 2017 case. Attorney Kravitz did not file an application for additional fees or an application seeking approval of the unpaid portion of the no-look fee amount in the 2017 case, although the Court did give attorney Kravitz leave to file such an application in connection with his proof of claim and the debtor's objection in the debtor's current case.

Based on the fee application, the Court believes that the $3,000 as originally agreed upon between the debtor and attorney Kravitz per the Rights and Responsibilities statement from the 2017 case is reasonable compensation for services provided. Accordingly, the Court allows attorney Kravitz a claim in the amount of $1,900, which equals the balance remaining under the no-look fee agreement after deducting the $1,100 already paid.

Attorney Kravitz also seeks compensation for work done beyond the $3,000 no-look fee agreement. The Court denies attorney Kravitz's request for additional compensation. Under § 502(b)(4), the Court has discretion to disallow a claim for attorney's fees "to the extent that . . . . such claim exceeds the reasonable value of such services." The Court denies the request for additional fees not because

attorney Kravitz failed to expend the time detailed in his fee application. Rather, the Court does so because the requested fees go beyond what the debtor reasonably expected his attorney would incur under the written fee agreement. Under the no-look fee agreement signed by the debtor and attorney Kravitz, the $3,000 fee was intended to cover the amount of fees "for the normal and customary services rendered in Chapter 13 cases under the traditional lodestar analysis" for the entire case. Admin. Order No. 07-2 at 1. While attorney Kravitz remained free to seek Court approval for fees beyond the agreed amount of $3,000, that request was generally reserved for "novel, complex, or non-routine matters."

Under the circumstances of this particular representation, where the actual attorney's fees before confirmation far exceeded the agreed upon $3,000, the Court will not permit attorney Kravitz to treat the provision in the Rights and Responsibilities statement that allows additional fees for novel, complex, or non-routine work as his client's consent to pay for an unlimited amount of additional work. Presumably, the debtor never expected to pay for such costly representation when he signed the initial fee agreement. Nor is there any indication that the debtor expressly consented to pay for the additional work as the case got more complicated. Under these circumstances, the debtor should not be blindsided by a large bill for additional, unanticipated work. Rather, attorney

12

Kravitz should have asked whether the debtor was willing to pay for the additional work that went well beyond the expected $3,000 for the representing the debtor throughout the entire Chapter 13 case.  *See* Admin. Order No. 07-2 at 3 (attorney's fees shall be allowed "only pursuant to a written agreement between the debtor and the debtor's attorney that clearly delineates the nature and scope of the representation and the basis or rate of the fees and expenses.  *See* Rules 1.2 and 1.5 of the Ohio Rules of Professional Conduct, made applicable by N.D. Ohio Local Civil Rule 83.5"); *see also* Local Bankr. R. 2090-2.

## CONCLUSION

For the reasons stated above, the Court allows attorney Kravitz a claim in the amount of $1,900, which equals the balance remaining under the no-look fee agreement after deducting the $1,100 already paid.

IT IS SO ORDERED.